UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DISTRICT
AT COVINGTON

**CRIMINAL ACTION 13-27-DLB-CJS**

**UNITED STATES OF AMERICA**                               **PLAINTIFF**

**v.**                           **MEMORANDUM ORDER**

**DANIEL L. USHERY, JR.**                                  **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon *pro se* Defendant Daniel L. Ushery's most recent Motion for Compassionate Release under 18 U.S.C § 3582(c). (Doc. # 239). Since filing this Motion, Defendant has filed two supplemental motions (Docs. # 242 and 250[1]), as well as additional supplements and letters. (*See* Docs. # 249, 251, 254, and 256). For the following reasons, Defendant's Motions are **denied**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On December 18, 2013, Defendant was convicted after pleading guilty to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). (Docs. # 39 and 43). He was thereafter sentenced to an above-guideline sentence of 252 months of imprisonment, followed by 10 years of supervised release. (Doc. # 43). Defendant was additionally ordered to pay restitution in the amount of $6,125 for property damage caused during his flight from officers and eventual apprehension. (*Id*.). On January 15,

---

[1] Defendant's second supplemental motion is a Motion for Extension of Time to file a Reply. Given that Defendant filed a separate supplemental letter that same day (Doc. # 249), as well as attached his proposed Reply to his Motion for Extension (Doc. # 250), and subsequently filed three (3) supplemental letters (Docs. # 251, 254, and 256), the Court construes that Motion as a supplemental motion.

1

2014, Defendant appealed his conviction and sentence, which the Sixth Circuit affirmed on May 6, 2015.  (Docs. # 47 and 71).

Since then, Defendant has filed three separate Motions for compassionate release (Docs. # 80, 140, and 218), each of which were denied (Docs. # 93, 167, and 237).  As previously mentioned, Defendant's Third Motion for Compassionate Release (Doc. # 218) was construed by this Court to be a Motion for Reconsideration of his Second Motion for Compassionate Release (Doc. # 140), which had already been affirmed by the Sixth Circuit on August 17, 2022 (Doc. # 184).  Additionally, Defendant appealed the Court's Order denying his Motion for Reconsideration, which has since been dismissed.  (*See* Docs. # 244 and 255).

On September 23, 2024, approximately one month after the Court entered its Order denying his Motion for Reconsideration, and before he had even filed his appeal of that Order, Defendant filed a Fourth Motion for Compassionate Release (Doc. # 239).  Defendant has subsequently filed six (6) handwritten supplemental motions and letters to this Court.  (*See* Docs. # 242, 249, 250, 251, 254, and 256).

Defendant is 47 years old and is currently housed at USP Victorville in California.  His anticipated release date is November 14, 2031. *See Inmate Locator*, https://www.bop.gov/inmateloc/ (last accessed on April 18, 2025).

## II.     STANDARD OF REVIEW

A criminal defendant is permitted to file a motion for compassionate release only after "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).  If exhaustion is demonstrated, the Court may proceed to consider

the merits of the motion.

Typically, "[a] court may grant compassionate release when it finds three requirements are satisfied." *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020). "First, the court must 'find[ ]' that 'extraordinary and compelling reasons warrant' a sentence reduction." *Id.* (citing *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020)). "Second, the court must 'find[ ]' that 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1108). "Third, the court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *United States v. McCall*, 20 F.4th 1108, 1111 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

Regarding step two, "the Sixth Circuit previously held that § 1B1.13 [of the United States Sentencing Guidelines ("U.S.S.G.") was] inapplicable to compassionate-release motions filed by the prisoner (as opposed to motions filed by the Director of the [BOP])." *United States v. Partin*, No. 6:17-CR-070-CHB-4, 2024 WL 420110, at *2 (E.D. Ky. Feb. 5, 2024) (citing *Jones*, 980 F.3d at 1109-11). Thus, in cases involving defendant-filed motions like this one, district courts were once permitted to "skip step two of the § 3582(c)(1)(A) inquiry and [had] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *Id*. However, the Sentencing Commission recently amended the policy statement at § 1B1.13 to clarify that it "applies to defendant-filed motions." *Id*.; *accord United States v. Clark*, 5:21-cr-84-1, 2023 WL 8374528, at *2 (N.D. Ohio Dec. 4, 2023). This amendment went into effect on November 1, 2023. *See Partin*, 2024 WL 420110, at *2.

3

"[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). The defendant bears the burden to show he has exhausted his administrative remedies and is entitled to compassionate release. *United States v. McDonald,* No. 94-cr-20256-1, 2020 WL 3166741, at * 3 (W.D. Tenn., June 8, 2020).

### III.   ANALYSIS

#### A. Exhaustion of Administrative Remedies

Outside of Defendant's handwritten letters stating that he has "timely file[d] grievances with [] the BOP" the record is unclear on whether Defendant exhausted his administrative remedies. (Doc. # 239 at 9). This alone could be the end of the compassionate release inquiry. However, as set forth below, the Court finds that Defendant's current motion should be denied on the merits as well.

#### B. Extraordinary and Compelling Reasons

"Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). "Instead, when an imprisoned person files a motion for compassionate release, the district court has "full discretion ... to determine whether an extraordinary and compelling reason justifies compassionate release." *Jones*, 908 F.3d at 1109. "Of course, an 'extraordinary and compelling reason' is one that is **unusual**, **rare**, and **forceful**." *United States v. McCall*, 56 F.4th 1048, 1056 (6th Cir. 2022) (emphasis added).

##### i.   Victim of Abuse

A majority of Defendant's filings concern numerous allegations of serious physical abuse committed by various prison officials. For example, Defendant alleges that he was

4

"punched in his left jaw – which resulted in his tooth being cracked and subsequently pulled out; choked; and then slammed to the floor by the two correction officers and their SHU Supervisors and other correction officers." (Doc. # 239 at 8); *see also id*. (stating that he was placed in ambulatory restraints); (Doc. # 250 at 4) (alleging that various correction officers have threated bodily harm); (Doc. # 256 at 3) (stating that he was placed in hand and ankle restraints for 24-hours). Defendant argues that these various physical altercations justify relief under U.S.S.G. § 1B1.13(b)(4). (Doc. # 239 at 3).

Pursuant to § 1B1.13(b)(4) a defendant may be entitled to sentencing relief if he can show that he was the victim of physical abuse that resulted in "serious bodily injury" if that abuse "was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over" the defendant. § 1B1.13(b)(4)(B). Serious bodily injury is defined as "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." Application Notes, U.S.S.G. § 1B1.1(1)(M). A defendant must establish such misconduct "by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." § 1B1.13(b)(4).

While Defendant's allegations would certainly meet the definition of a serious bodily injury, Defendant has not provided the Court with any supporting evidence that he suffered from or was treated for such injuries. Moreover, even if this Court found that Defendant had suffered a seriously bodily injury, Defendant has not pointed the Court to any criminal conviction, finding or admission in a civil case, or a finding in an

5

administrative proceeding that would support the alleged misconduct. While Defendant makes various references to complaints he has filed with the BOP, without more, he has simply not met the burden of establishing that such misconduct occurred. Finally, Defendant has alleged that his life is in imminent danger. However, aside from that bare and conclusory statement, he has not pointed the Court towards any evidence that would lead this Court to find that he is in such imminent danger that the Court may look past the § 1B1.13(b)(4) requirements and grant compassionate release. As such, Defendant has not established that he is entitled to sentencing relief pursuant to § 1B1.13(b)(4).

### ii.  Health Concerns

Defendant additionally alleges that he suffers from a variety of health concerns, of which the BOP has refused to treat, resulting in worsening symptoms. (*See* Doc. # 239 at 10) (stating that the BOP has refused his requests for pain medication, an MRI, and surgery). Specifically, Defendant alleges that he suffers from a cracked/broken tooth, lower back discomfort, carpal tunnel syndrome, a dislocated left thumb, a numb right index finger, nightmares, eczema, migraines, nervous twitches, watering eyes, eye pain, blurred vision, swollen feet and legs, numerous unknown head, neck, and nerve injuries, and that his heart is not getting the required amount of blood. (Docs. # 239, 249, 250, and 256).

With respect to medical circumstances of a defendant, § 1B1.13 defines "extraordinary and compelling reasons" to include the following:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
> > (i) suffering from a serious physical or medical condition,

>> (ii) suffering from a serious functional or cognitive impairment, or
>
> (iii) experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13 n. 1(A).

Upon review, not only has Defendant not provided this Court with any documentation at all showing that he does in fact suffer from these conditions, but he additionally has not shown that such conditions warrant sentencing relief. The policy statements define extraordinary and compelling reasons by reference to current debilitating illnesses. Defendant does not allege that he suffers from an illness that impairs his ability to care for himself.

Moreover, Defendant alleges that the BOP has not provided him with adequate treatment, which has resulted in worsening symptoms. However, the record is completely devoid of any documentation in support of this allegation. As such, Defendant has not met his burden of showing that he has received – or will receive, if he requests it – inadequate medical care at USP Victorville. "As long as the Bureau of Prisons is capable of caring for [an inmate's] medical needs, [an inmate] should serve out the balance of [his] sentence." *United States v. Goode*, No. 14-cr-810-07, 2020 WL 58272, at *5 (S.D.N.Y. Jan. 6, 2020).

Therefore, Defendant has not demonstrated extraordinary or compelling reasons which would justify a reduction in sentence or early release.

### iii. Rehabilitation

Finally, Defendant presents to this Court that he has made significant strides in his efforts to rehabilitate as grounds for sentencing relief. While this Court commends Defendant's efforts to rehabilitate, Congress has made clear that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release. 28 U.S.C. § 994(t); *see also United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020) (citing 28 U.S.C. § 994(t)); *United States v. Hatcher*, No. 01-80361, 2021 WL 1056841, at *3 (E.D. Mich. Mar. 19, 2021) ("The court . . . is precluded from granting compassionate release based upon rehabilitation alone."), *appeal dismissed*, No. 21-1421, 2021 WL 3234549 (6th Cir. July 1, 2021). Further, as set forth *infra*, the seriousness of Defendant's criminal conduct does not support a finding that his efforts at rehabilitation justify a release prior to the expiration of his lawfully imposed sentence.

Considering all of Defendant's arguments, the Court finds his circumstances are neither "extraordinary" nor "compelling", or, in other words, not "unusual, rare [or] forceful." *See United States v. Overby*, No. 5:19-cr-1-BJB, 2023 WL 1965282 (W.D. Ky. 2023) (citing *McCall*, 56 F.4th at 1055).

### C. Section 3553(a) Factors

Even had Defendant demonstrated an extraordinary and compelling reason which may justify early release, the section 3553(a) factors strongly counsel against Defendant receiving a reduction in sentence and an early release. As the Court has previously noted,

> Defendant's offense of conviction and the circumstances surrounding it were about as serious as the Court has seen in more than 20 years on the bench. Multiple guideline enhancements were applied, including firearm possession, making credible threats of violence,

> obstructing justice, and recklessly creating a substantial risk of serious bodily injury to a police officer during flight. Defendant's criminal history was very significant and included six prior convictions for either crimes of violence or controlled substance offenses. In total, at the time of sentencing, Mr. Ushery had more than 10 juvenile convictions and more than 20 adult convictions that included drug trafficking, robbery with a gun, and escape to name a few. Simply put, those factors lead the Court to depart upward from the advisory guidelines and impose a sentence of 252 months of imprisonment, which sentence was affirmed on appeal. Additionally, while incarcerated Mr. Ushery has had several instances where he has violated BOP rules (See Doc. # 142-1), including threatening correction officers.

(Doc. # 167 at 7-8). As the Court has previously determined, consideration of the sentencing factors in 18 U.S.C. § 3553(a), individually and collectively, do not support his compassionate release. (*See* Doc. # 237 at 6) ("In the Court's view, to release Mr. Ushery now would create, not avoid, an unwarranted sentencing disparity, would diminish the seriousness of his crime and would not deter criminal activity or protect the public.").

IV.   **CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1)   Defendant's Motion for Reduction in Sentence under 18 U.S.C. § 3582(c)(2) (Doc. # 239) is **DENIED**;

(2)   Defendant's "Motion of Status Update/Request for Immediate Release from Bureau Custody" (Doc. # 242) is **DENIED**; and

(3)   Defendant's Motion for Extension of Time to File Reply (Doc. # 250) is **DENIED**.

This 18th day of April, 2025.



Signed By:
David L. Bunning
Chief United States District Judge