**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DISTRICT
AT COVINGTON**

**CRIMINAL ACTION 13-27-DLB-CJS**

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**v.**                                                          **ORDER**

**DANIEL L. USHERY, JR.**                                              **DEFENDANT**

* * * * * * * * * *

This matter is before the Court upon *pro se* Defendant Daniel L. Ushery's Motion to Reconsider this Court's Order (Doc. # 257) denying Defendant's Motion to Reduction/Compassionate Release under 18 U.S.C § 3582(c) (Doc. # 239). [1] (Doc. # 266). For the following reasons, Defendant's Motion is **denied**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant was convicted on December 18, 2013, after pleading guilty to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). (Docs. # 39 and 43). He was sentenced to 252-months of imprisonment, followed by 10 years of supervised release. (Doc. # 43). Defendant was additionally ordered to pay restitution in the amount of $6,125 for property damage caused during his flight from officers and eventual apprehension. (*Id*.). On January 15, 2014, Defendant appealed his conviction and sentence, which the Sixth Circuit affirmed on May 6, 2015. (Docs. # 47 and 71).

---

[1]     Defendant titled his Motion as a "notification of threat of and fear of imminent danger toward Daniel L. Ushery's request for reconsideration of Denial of Motion for Compassionate Release/Reduction in Sentence; request for appointment of funding to hire independent private investigator." (Doc. # 266 at 1). For purposes of this Order, the court construes Defendant's filing as a Motion to Reconsider.

On September 23, 2024, Defendant filed his Fourth Motion for Compassionate Release (Doc. # 239), subsequently followed by six (6) handwritten supplemental motions and letters (Docs. # 242, 249, 250, 251, 254, and 256).  On April 18, 2025, this Court entered an Order denying Defendant's Motion for Compassionate Release.  (Doc. # 257).  On June 9, 2025, Defendant appealed that Order to the Sixth Circuit (Doc. # 259).  On August 5, 2025, Defendant filed the present motion, wherein he requests, among other things, reconsideration of this Court's Order denying his Motion for Compassionate Release.  (Doc. # 266).

Defendant is 47 years old and is currently housed at USP Florence - High in Colorado. His anticipated release date is November 14, 2031. *See Inmate Locator*, https://www.bop.gov/inmateloc/ (last accessed on August 14, 2025).

## II.    STANDARD OF REVIEW

"[C]ourts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)."  *United States v. Guzman*, No. 5:16-cr-41, 2019 WL 4418015 at *2 (E.D. Ky. Sept. 16, 2019) (citations omitted).

Relief under Rule 59(e) is an "extraordinary remedy" reserved for exceptional cases.  *Stojetz v. Ishee*, No. 2:04-cv-263, 2015 WL 196029, at *1 (S.D. Ohio Jan. 13, 2015); *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).  Rule 59(e) does not permit parties to effectively "re-argue a case."  *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).  Rather, the purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings."  *Id.*  There are only four circumstances that warrant such relief: "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or

2

to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted).

### III.    ANALYSIS

In seeking reconsideration, Defendant presents neither an error of law, newly discovered evidence, an intervening change of law, or manifest injustice.  Nor has he demonstrated that he is now entitled to compassionate release.  In the new Motion, Defendant recounts various violent interactions, or interactions he may have in the future, with fellow inmates or prison officials.  (Doc. # 266).  For example, Defendant states that in July of 2025, he was involved in an interaction with fellow inmates that resulted in him sustaining a swollen black right eye, a broken 12th right rib, six stab wounds, and a collapsed right lung.  (*Id*. at 3).  Defendant also alleges that he spent six days in the Colorado Springs Trauma Care Unit where he received treatment for these injuries.  (*Id*.).

Even if the Court considered Defendant's allegations to be newly discovered evidence, the Court's conclusion that Defendant is not entitled to relief remains the same. Pursuant to § 1B1.13(b)(4) a defendant may be entitled to sentencing relief if he can show that he was the victim of physical abuse that resulted in "serious bodily injury" if that abuse "was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over" the defendant.  § 1B1.13(b)(4)(B).  Serious bodily injury is defined as "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation."  Application Notes, U.S.S.G. § 1B1.1(1)(M).  A defendant must establish such misconduct "by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such

proceedings are unduly delayed or the defendant is in imminent danger." § 1B1.13(b)(4).

As noted in its previous Order, Defendant's allegations would certainly meet the definition of a serious bodily injury. However, as previously pointed out by the court "Defendant has not provided the Court with any supporting evidence that he suffered from or was treated for such injuries." (Doc. # 257 at 5). That conclusion is true here as well. The only medical documentation submitted by Defendant is a Health Services Medical Duty Status Report, which reports that Defendant has compression garments for his legs, a brace for his knee, and a cane. (Doc. # 266-1). Interestingly, the "physical limitation/restriction" section of the report has been left blank. (*Id*.). More importantly, Defendant has submitted no documentation that supports his allegation that he suffered severe physical injuries or was hospitalized as a result. "Moreover, even if this Court found that Defendant had suffered a seriously bodily injury, Defendant has not pointed the Court to any criminal conviction, finding or admission in a civil case, or a finding in an administrative proceeding that would support the alleged misconduct." (Doc. #257 at 5-6).

Defendant's Motion for Reconsideration includes several other requests, including a request for various contradicting recommendations from the Court. For example, Defendant requests the Court "order the BOP Director to allow for Ushery to serve the remainder of his prison term" in "(a) FMC Lexington long term medical care facility; (b) an Ohio Department of Corrections Medical Facility; and (c) a Kentucky Department of Corrections medical facility; or (d) a RRC or mental health treatment center." (Doc. # 266 at 5). However, he also requests the Court order the United States Probation Office to "allow for him to serve the remainder of his prison term on home confinement." (*Id*.). Unfortunately for Defendant, this Court lacks the "statutory authority to modify a defendant's current sentence to home confinement." *United States v. Thompson*, No.

4

3:17-CR-170-CHB, 2021 WL 2418573, at * 6 (W.D. Ky. June 14, 2021).

It is the Bureau of Prisons ("BOP"), not the Court, that is the entity which has the authority to designate the place of a prisoner's confinement. *See United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015) (explaining that the authority to determine the place of a person's imprisonment is delegated solely to the BOP); *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1991) ("While a judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government . . . and is delegated to the Bureau of Prisons." (quoting *United States v. Dragna*, 746 F.2d 457, 468 (9th Cir. 1984))).

Additionally, Defendant requests the Court provide him "with an independent ombudsman to help Ushery compile, and collect and present evidence of all of his claims to this Court that he is not presenting malignant, frivolous and malicious claims to this Court for the fun of it . . . and that he can and will live as a law abiding, obedient citizen." (Doc. # 266 at 6). Defendant has not provided the Court with any evidence that it would be appropriate to appoint an ombudsman at this time. *See Harris v. Wickersham*, No. 18-cv-12954, 2019 WL 480341 (E.D. Mich. Feb. 7, 2019) (denying a request to appoint an ombudsman because the inmate did not present evidence that the defendants were tampering with his mail, that he was in danger, or that he was incapable of communicating with the courts).

Accordingly, for the above stated reasons, Defendant's Motion for Reconsideration (Doc. # 266) is **DENIED**.

This 15th day of August, 2025.



Signed By:

*David L. Bunning*

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Compassionate Release\Ushery 13-27 MOO Denying Motion for Reconsideration.docx